IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SARA COLLINS,

    Plaintiff,

vs.                                             Case No. 4:17cv349-RH/CAS

ELIZABETH BOYD and
L. HENRY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 7, 2017, Plaintiff, a federal prisoner proceeding pro se, filed a civil rights complaint against Drug Treatment Specialists Elizabeth Boyd and L. Henry pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  ECF No. 1.  Defendants filed a motion to dismiss on March 7, 2018, for failure to exhaust administrative remedies and raising qualified immunity.  ECF No. 23.  Plaintiff was directed to file a response, if any, no later than June 12, 2018, ECF No. 25, but no response to the motion to dismiss was filed.  Plaintiff addressed the issue of exhaustion of administrative remedies in the complaint.  ECF No. 1 at 11.

**<u>Allegations of the Complaint</u>**

Plaintiff alleges that she is a federal prisoner and, at times pertinent to the complaint, was an inmate at the Federal Correctional Institution-Tallahassee (FCI-Tallahassee). ECF No. 1 at 5. She sues the Defendants in their official and individual capacities for violation of her constitutional rights in this civil rights action under <u>Bivens</u>. ECF No. 1 at 2-3. Plaintiff alleges that she was placed into the Residential Drug Abuse Treatment Program (RDAP) at FCI-Tallahassee in October 2015, but was removed in March 2016 for breach of confidentiality. *Id.* Defendant Henry was her assigned drug treatment counselor. *Id.* at 5. Plaintiff reentered the program in August 2016, but was again removed in April 2017, on the asserted grounds that she was not being responsive to treatment and was having numerous encounters with staff. *Id.* Plaintiff alleges she is white and Defendants are black, and that they engaged in a practice of racial discrimination against her and other white inmates. *Id.*

Plaintiff alleges that in May 2017, a black inmate in the program violated the same confidentiality rules as Plaintiff but was not removed from the program and suffered no adverse consequences. *Id.* Plaintiff alleges that in July 2017, four black inmates violated the rule against breach of confidentiality but were not removed from the program. *Id.* at 6. Plaintiff

alleges that it was Defendant Henry who removed her from the program but excused black inmates for the same conduct. *Id.*

Plaintiff alleges that in February 2017, during an RDAP meeting, Plaintiff, who is white and another inmate who is black were found to have made racial remarks, but the black inmate suffered no consequences while Plaintiff was expelled. *Id.* Plaintiff alleged that Defendant Henry was angry about comments Plaintiff made about Martin Luther King, Jr., but did not react to comments another inmate made referring to someone's "cracker friends." *Id.* at 6. Plaintiff also cites several incidents in which she was held accountable for violations and other black inmates were not. *Id.* at 6-7.

Plaintiff alleges Defendant Boyd expelled her from the program on the bases of being unresponsive to treatment and having encounters with staff. *Id.* at 7. Plaintiff alleges that Boyd's conduct in expelling her from the program was because of Plaintiff's race rather than the RDAP treatment rule and is evidence of unequal treatment between Plaintiff and certain black inmates. *Id.* at 9. Plaintiff also alleges she was repeatedly threatened with Special Housing Unit placement and harassed by Defendant Boyd for insignificant infractions. *Id.* at 7. Plaintiff seeks $200,000 from each Defendant. ECF No. 1 at 8.

**Legal Standard**

A motion to dismiss for failure to state a claim upon which relief can be granted is properly brought under Fed. R. Civ. P. 12(b)(6).  To state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In determining whether a complaint states a claim, the complaint's factual allegations, though not its legal conclusions, must be accepted as true.  *Id.*; *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint "does not need detailed factual allegations," *id.*, nor must a complaint allege with precision all the elements of a cause of action, but must give fair notice of the grounds upon which it rests.  Swierkiewicz v. Sorema*,* 534 U.S. 506, 512-14 (2002).  However, a conclusory recitation of the elements of a cause of action is not sufficient.  A complaint must provide the grounds for Plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly*,* 550 U.S. at 555.

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before proceeding in federal court.  42 U.S.C. § 1997e ("[N]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as available are exhausted."). The PLRA is applicable whether a prisoner is in state or federal custody, and applies to Bivens actions. Alexander v. Hawk, 159 F.3d 1321, 1324-25 (11th Cir. 1998). The exhaustion provision is a mandatory precondition to bringing suit in federal court. Jones v. Bock, 549 U.S. 199, 211 (2002).

For the exhaustion requirement to be met under the PLRA, the prisoner "must . . . [properly] exhaust all 'available' remedies prior to filing suit." Woodford v. Ngo, 548 U.S. 81, 85 (2006). To properly exhaust all remedies, the prisoner must "take each step within the administrative process" and "file complaints and appeals in the place, and at the time, the prison's administrative rules require." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. See Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints").

## Motion to Dismiss

Defendants move to dismiss the complaint for failure to exhaust administrative remedies. ECF No. 23. Defendants assert that Plaintiff failed to exhaust her administrative remedies before bringing this civil rights action because she failed to file any administrative remedies regarding a claim of racial discrimination in the Residential Drug Abuse Treatment Program or otherwise while at FCI-Tallahassee. *Id.* at 7-8. Defendants also move to dismiss based on the Defendants' qualified immunity. *Id.* at 9-15.

## Analysis

The Bureau of Prisons provides an Administrative Remedy Program for use by all inmates housed in their facilities. 28 C.F.R. § 542.10-542.19. Under the program, prisoners must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13. If the issue is not resolved, the prisoner may submit a formal written Request for Administrative Remedy. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response to her Request for Administrative Remedy, she may submit an appeal to the appropriate Regional Director within 20 days. 28 C.F.R. § 524.15. Finally, when an inmate is not satisfied by the response from the Regional Director, she may

submit an Appeal to the General Counsel in the Central Office.  28 C.F.R. § 542.15.  An inmate must complete all of these steps to fully exhaust her administrative remedies through the Administrative Remedy Program.  See Johnson, 418 F.3d at 1158.

The Eleventh Circuit has found that, although it is not specifically named, a motion concerning exhaustion of administrative remedies should be treated like a Fed. R. Civ. P. 12(b) motion.  Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).  "Where exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Id.

Defendants have provided a declaration of Glenda Dykes, Legal Instruments Examiner at the Southeast Regional Office of the Federal Bureau of Prisons and Administrative Remedy Clerk, in support of their position that Plaintiff's administrative remedies have not been exhausted.  ECF No. 23-1.  That declaration states that Dykes examined the records of the Bureau of Prisons, which includes records of all administrative remedies filed by inmates at any institution within the Bureau of Prisons.

Case No. 4:17cv349-RH/CAS

*Id.* at page 1.  The declaration states that the only administrative remedy filed by Plaintiff was an unexhausted one filed in 2014 when she was at FCI Hazelton.  *Id.* at pages 2-3.  That remedy did not pertain to a claim of racial discrimination in the Residential Drug Abuse Treatment Program at FCI-Tallahassee.  *Id.*

Although Plaintiff did not file a response to the motion to dismiss, she concedes in her complaint that she did not exhaust her administrative remedies.  ECF No. 1 at 11.  Plaintiff contends that she was not required to do so because Defendant Boyd engaged in intimidation and harassment of Plaintiff "when she encounter[ed] [Plaintiff] on the compound."  *Id.*  To illustrate the alleged intimidation, Plaintiff cites an incident where she was attempting to unclog a sink at the direction of staff when Boyd approached Plaintiff and accused her of being in the building improperly.  ECF No. 1 at 11.  Plaintiff alleges that Boyd also threatened to place her in the Special Housing Unit.  She also alleges that an officer told her that "Boyd hates you."  *Id.*  Based on these facts, Plaintiff contends she was not required to exhaust her administrative remedies.

Although "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion

requirement," Plaintiff must show that a threat actually deterred her from lodging a grievance and that "the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude" from pursuing the administrative remedy that is necessary for exhaustion. <u>Turner v. Burnside</u>, 541 F.3d 1077, 1085 (11th Cir. 2008). Plaintiff alleges no facts to support her conclusory argument that threats of retaliation prevented her from submitting a grievance. Plaintiff has not demonstrated that she "actually was deterred from filing grievances concerning the . . . incidents about which [s]he complains." <u>Maldonado v. Unnamed Defendant</u>, 648 F. App'x 939, 952 (11th Cir.) (unpublished), <u>cert. denied sub nom. Maldonado v. Jefferson</u>, 137 S. Ct. 512, 196 L. Ed. 2d 419 (2016) (citing <u>Turner</u>, 541 F.3d at 1084-85). Even accepting Plaintiff's alleged facts as true, the facts she cited were not related to the filing of a grievance and are insufficient to lead to an inference that the intimidation was of such severity that it would deter a reasonable inmate from exhausting her administrative remedies.

Moreover, Plaintiff was provided with an opportunity to respond to Defendants' motion to dismiss and demonstrate either that she did exhaust administrative remedies or show why such remedies were unavailable to her. She has not done so and the unopposed motion to dismiss for failure to exhaust should be granted. In light of this recommendation, it is not

necessary to reach the issue of qualified immunity also cited by Defendants as a ground for dismissal.

### RECOMMENDATION

For the foregoing reason, it is respectfully **RECOMMENDED** that the Defendants' motion to dismiss (ECF No. 23) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** for failure to exhaust administrative remedies, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**IN CHAMBERS** at Tallahassee, Florida on July 24, 2018.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not</u>**

---

[1] Jones v. Bock held that exhaustion was not a pleading requirement but an affirmative defense, and "noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." 549 U.S. at 216.

Case No. 4:17cv349-RH/CAS

**control.**  **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**